Judge Buckner,
delivered the opinion of tho court.
This was a suit in chancery instituted' by Jesse Swearingen against Yoder and Brown, to procure a specific execution, if to be had; if not, a recission of a contract for the puschase of a tract of land containing 127 1-2 acres.
He alleges that he purchased it from Yoder, at the price of $>450, who represented the title to be in Brown; that reposing confidence in Yoder’s stalemet he accepted Brown’s promise in March 1819, to execute to him a bond, for a conveyance, which was accordingly executed on the 9th of the ensuing October, by which he bound himself to convey, or to cause Edward Police to convey it. He alleges that Brown had not the legal title to the land, and was insolvent, of which Yoder was apprized at tbe time of the contract. He prays that Brown, if able, may be compelled to convey the land to him; or that if he has a valid equitable title, it may be enforced, &c. Brown and Yoder are made defendants.
They both answered, Brown admitting that the legal title was not in him; and Yoder alleging that he held a bond, for a conveyance of the land, on one Kennett, which he sold to the complainant; and that *519 the bond for $450, was executed as the consideration •of the bond on Kennett, in lieu of which, (he complainant had accepted the bond of Brown.
On bill filed by vendee for recision of a contract for the purchase of a tract of land, if it appear that ven-dee has alienated and delivered possession of the laud to another, such alienee ninsf be made a party before any decree for recision can be pronounced.
By an amended bill, Swearingen alleges that Brown’s promise to convey the land to him was made -at the instance of Yoder, and as his agent. He also alleges, that the land so purchased was covered by two claims anterior in date, and superior to that sold to him; and prays that Yoder may be compelled to -quiet those claims.
By the answers of Yoder, filed to the complainants original and amended bill, it appears that the land sold to the complainant was patented to David Leach, who had died leaving a daughter his only child and heir; who had intermarried with one Taylor; that Taylor and wife had sold 105 acres of it, to E. Polke, and 27 1-2 acres to J. Osborn, who had sold it to Polke, that Polke had sold it to Brown, and Brown to Kennett, from whom Yoder had purchased; that Taylor and wife had executed deeds of conveyance to Polke and Osborne, which had not been recorded within the time required by the statute; but that there was no conveyance from Polke to Brown, nor from Brown to Kennett. It also appears, from the answers, as well as from the proof in the cause, that Swearingen had sold the land to one Debo, and delivered possession of it to him, who had made some improvements thereon.
The circuit court entered a decree, rescinding the contract, and that Yoder should pay to the complainant several sums of money, claimed as payments in part discharge of the bond for $450; from which Yoder has appealed, attacking.it on various grounds, and among others, for the want of proper parties.
The latter is the only point, which it is now necessary to consider; as upon that, the decree must be reversed. The complainant has a right to insist on a recision of the contract, on the ground of fraud, and if he can prove it, will be entitled.lo relief. But having sold the land and delivered possession of it to Debo, he is interested, and should have been brought before the court, before any decree rescinding the contract could, with propriety, be entered. But the *520 Complainant, although he alleges fraud, on the par? of Yoder, which is however denied, does not claim a rescission absolutely; but insists on a specific execution, if Brown is able to convey, or has an equity to the land sold, which can be enforced. To effectuate that object, the holders of the legal title, with any others interested, should have been brought before' the court.
Denny, for plaintiff.
The decree must be reversed with costs, and the cause remanded, with directions to dismiss the bill, unless the proper parties be made in convenient lime, to be allowed for that purpose.